570 So.2d 93 (1990)
Wendell GOINS
v.
DEPARTMENT OF POLICE.
No. 89-CA-1243.
Court of Appeal of Louisiana, Fourth Circuit.
October 30, 1990.
Gilbert E. Stampley, New Orleans, for appellant.
Daniel A. Claitor, New Orleans, for appellee.
Before BYRNES, LOBRANO and WILLIAMS, JJ.
BYRNES, Judge.
Wendell Goins appeals the Civil Service Commission's decision upholding his dismissal from the New Orleans Police Department. We affirm.
After Recruit Officer Wendell Goins completed training at the Police Academy, he underwent field training in the summer of 1987 in the Fifth District. After approximately six weeks in the field, Mr. Goins was assigned to desk duty until he was terminated for "unsatisfactory performance *94 during training" effective September 19, 1987.
As a probationary employee, Goins was entitled to an appeal based on the discrimination or "whistle blowing" provisions of the New Orleans Civil Service Rules. After a hearing on October 11 and 13, 1988, the commission denied Mr. Goins' appeal, finding no evidence of whistle blowing or discrimination in its opinion dated March 10, 1989.
Mr. Goins perfected this appeal, contending that the commission erred in (1) failing to find that whistle blowing was the chief cause for his termination, and (2) denying him a full and impartial hearing by restricting his testimonial proofs. Mr. Goins claims that he should be reinstated as a police officer.
The burden of proof on appeal, as to the facts, shall be on the appointing authority, except in cases of alleged discrimination, where the burden shall be on the appellant. Civil Service Rule II, Sees. 4.4 & 4.8. No employee shall be subjected to discipline on discriminatory treatment by an appointing authority because he or she gives information, testimony, or evidence in a prudent manner to appropriate authorities concerning conduct prohibited by law or regulation which he or she reasonably believes to have been engaged in by any person(s). If the employee incurs such treatment despite this admonition, he or she shall have a right to appeal to the commission. Civil Service Rule II, Sec. 9.1. The commission's decision is subject to review on any questions of law or fact by the court of appeal. La. Const. Art. X, Sec. 12(B). Cittadino v. Department of Police, 558 So.2d 1311 (La.App. 4th Cir.1990). In reviewing the commission's finding of fact, the appellate court should not reverse or modify such a finding unless it is clearly erroneous. Id. at 1315.
Officer William C. Panter initially supervised Mr. Goins in the course of his field training. Mr. Goins testified that when Panter drove on the levee in back of Jackson Barracks to watch the river, Goins asked Panter why he did not answer calls. Officer Panter stated that on one or two occasions while on duty, he sat on the levee located in the Fifth District to complete paper work. Mr. Goins asserted that while on duty, Officer Panter took rides for no specific purpose through City Park, which was not in the Fifth District. Officer Panter did not recall driving through City Park with Mr. Goins; however, he noted that City Park Avenue was the direct route from the Fifth District to Moss Street where the Police Academy was located at that time. Mr. Goins also testified that Officer Panter took coffee breaks at Storyville Lounge on Decatur Street, which was not located in the Fifth District. Officer Panter declared that he never heard of Storyville Lounge on Decatur Street. Panter related that Wendell Goins never told him that Goins was not satisfied with Panter's conduct. Goins asserted that he expressed his disapproval to Officer Panter and later to his superiors, Lieutenant Ellis Williams, Sergeant Mitchell Dusset, Lieutenant Laws and Lieutenant Warren Roberts after Officer Panter alleged that Goins was a coward and Panter refused to ride with Goins anymore.
After riding with Officer Panter for two or three weeks, Goins transferred to the supervision of Field Training Officer Michael Conn for approximately four weeks. Goins testified that he questioned Conn about Conn's lack of response to calls from the dispatcher. Goins noted that Conn would sit around for 15 to 20 minutes before rolling on a call. Goins felt that Conn specifically tried to get Goins to quit by pointing his service revolver at Goins' face for approximately 30 minutes at the Fifth District Station House. Goins reported the gun incident to Dr. Gabriel Rodriguez, the Department's psychologist. Officer Conn stated that he never pointed his revolver at Goins. Conn related that on a burglary call, Goins had both hands on his gun and panicked while trying to pull his gun out. Conn decided to return to police headquarters where he showed Goins how to draw his revolver correctly. Conn testified that there were no bullets in the revolvers, and Sergeant Henderson was present. However, Goins stated that no one else was *95 present and Panter's gun was loaded. Officer Conn asserted that Coins never voiced a complaint about his misconduct or the misconduct of any other police officers.
Officers Panter and Conn testified that they rated Wendell Goins' performance unsatisfactory in the field. Officer Panter referred to a burglary call where Panter ordered Goins to enter a house, but Goins failed to follow, stayed on the porch, and then walked back to the police car. Goins related that he went inside, but when Panter told him to enter an unlit bedroom, Panter refused to shine his flashlight or roll it to Goins so Goins could see into the bedroom. Officer Conn rated Goins as poor in stressful conditions and testified that Goins did not seem to acquire street survival techniques. Conn referred to the incident where Goins panicked in pulling out his revolver.
Officer Barry Marquez testified that in Officer Panter's absence for three or four days, Marquez supervised Goins during field training. Officer Marquez related that he suggested to Sergeant Dusset, commander of field training officers, that Goins should be reevaluated or sent back to the academy for further training. Marquez referred to two incidents where Goins failed to follow Marquez closely, leaving him in possibly dangerous situations. Goins pointed out that Officers Panter, Marquez, and Conn failed to give Goins any instructions prior to arriving at their destinations on emergency calls.
Fifth District Commander Ellis Williams testified that he approved the recommendations made by the field training officers that Goins be dropped from the police roll. Williams recalled that Goins mentioned a problem with Officer Panter on one occasion.
The reviewing court must give great weight to factual conclusions of the trier of fact. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review. Virgil v. American Guarantee & Liability Ins. Co., 507 So.2d 825 (La.1987). Where there are two permissible views of evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Rossell v. ESCO, 549 So.2d 840 (La.1989), on remand, 558 So.2d 1360 (La.App. 4th Cir.1990), writ denied, 561 So.2d 105 (La.1990). Goins did not provide corroborating evidence to support his testimony. We are unable to conclude that the trial court committed manifest error in denying Mr. Goins' appeal based on his failure to show that whistle' blowing was the chief cause for his termination.
Mr. Goins' additional assignment of error that he was denied a full and impartial hearing is not briefed and is deemed abandoned. Rule 2-12.4, Uniform Rules, Courts of Appeal; State v. Bray, 548 So.2d 350 (La.App. 4th Cir.1989).
Accordingly, we affirm the decision of the Civil Service Commission at appellant's cost.
AFFIRMED.