JONES, Judge.
Plaintiff, E & L Trucking, Inc., “E & L”, appeals the trial court’s judgment finding that defendant, S.S. Steel Fabricating Co., Inc., “S.S. Steel”, was not liable to pay for the delay cost while rendering delivery services. We affirm the trial court’s judgment.
S.S. Steel rented two (2) flat-bed trailers from E & L for a price of $20.00 per trailer, per day, and a charge of $160.00 per load. The two trucks were rented for a total of 53 days sometime in July and August of 1987. Five loads were hauled. E & L *899 billed S.S. Steel $4,165.00 for services rendered.
On June 2, 1988, S.S. Steel paid E & L $2,920.00. E & L sent S.S. Steel a letter confirming receipt of its payment and requesting payment of the balance that was billed. Upon receiving no response, E & L retained counsel and a demand letter was sent to S.S. Steel, in conformity with La. R.S. 9:2781, the statute authorizing collection pursuant to open accounts, for the collection of $1,245.00. Upon S.S. Steel’s failure to respond, E & L proceeded with litigation.
This matter came for trial on November 8, 1990. At trial both parties stipulated that there was an additional charge of $180.00 which was proper but unpaid. The trial court heard the testimony of the witnesses and found that no services or charges other than the aforementioned charges had been agreed upon. Further, the trial court failed to find that the alleged delay time was proved. This was not a crucial finding in view of its decision that no agreement as to delay periods was reached between the parties. Since S.S. Steel had paid all but $180.00 of the charges, the trial court awarded $200.00 to E & L; representing the $180.00 charge and $20.00 attorney fees.
It is from this judgment that E & L appeals.
By its first assignment of error, E & L argues that the trial court erred in finding that Byron Miller had no personal knowledge of any agreement or understanding relating to the waiting period. Byron Miller testified that he listened in via a speaker telephone on an alleged telephone call between Steve Szelei and Byron Miller’s deceased father, Louis Miller during which Mr. Szelei allegedly agreed to pay for waiting time. In its oral reasons for judgment, the trial court stated: “I don’t think the court wants to rest its decision in favor of the plaintiff based on a speaker phone conversation.”
We cannot say that the trial court was manifestly erroneous in weighing the evidence in favor of S.S. Steel. It was proper for the trial court to give less credence to testimony concerning what the decedent may have stated when confronted with Mr. Szelei’s firm denial that any such conversation took place. Mr. Szelei testified that he spoke to Mr. Miller on two occasions only: at the time the contract was negotiated and at the time the invoice was received. He claimed that he telephoned Mr. Miller the second time to inquire why additional charges appeared on the invoice. Mr. Miller said they would discuss it later but Mr. Miller died shortly thereafter.
We find no error with the trial court’s ruling.
By its second assignment of error, E & L argues that the trial court placed an undue burden on it to offer into evidence documentation of the delay periods. It asserts that this goes beyond the scope of evidence. E & L maintains that the contract truck driver’s uncontroverted testimony, confirming Mr. Miller’s testimony, substantiated when the delay period occurred. They were logged and presented to E & L but no such logs were produced at trial.
S.S. Steel responds that the trial court’s finding that the proper documentation concerning the alleged delay was lacking is irrelevant to the ultimate finding of the trial court; that there was no agreement between the parties to pay for the waiting time. Moreover, S.S. Steel argues that E & L did not establish that S.S. Steel was the cause of the alleged delay, that the delay resulted in any loss to E & L, and that the truck drivers were paid for the alleged delays.
The trial court found E & L failed to make a prima facie case in failing to maintain records of the log documentation submitted by the truck drivers. Although Byron Miller, as well as the truck drivers, testified that detention time is customary in the trucking business, no clear policy was recounted by any of the parties. Mr. Szelei, who’s business requires trucking services on a regular basis, denies ever paying for detention time. When asked if delays in loading/unloading were unusual, Byron Miller responded:
*900 It’s not unusual but if there is anything over a set number of hours, there is usually an agreement that there will be charges for anything over a set number of hours, usually it would be two hours for loading and unloading.
One of the drivers, Matthew St. Clair, also admitted that there was a two hour grace period before charges for delay time would incur. We believe that if an agreement as to delay times had been reached between the parties, then the terms would be more specific. We find no error with the trial court’s ruling that no agreement was reached.
The record suggests that the delays occurred because of the way the general contractor chose to unload the trucks. S.S. Steel’s duty pursuant to its contract with the general contractor was to transport the steel to the job site. The general contractor was expected to unload the steel upon its arrival but chose to unload and install on a truck load basis. This caused a delay for the truck drivers who waited for equipment to arrive and each truck load to be installed before they were allowed to go.
There is no evidence that S.S. Steel had any knowledge that these delays occurred. Even if S.S. Steel had known what transpired it had no reason to expect that it would be billed for these delays since additional charges for delay time was not part of the agreement reached between itself and E & L.
By its third assignment of error, E & L argues that the trial court erred in not awarding a judgment for the full amount on open account. E & L maintains that it established a prima facie case by introducing evidence and testimony to support the two elements of the open account: 1) that an agreement was reached as to the services to be rendered and 2) that the services were rendered. E & L argues that the burden shifted to S.S. Steel to prove that an agreement did not in fact exist. Furthermore, E & L argues that the trial court failed to assess interest on the outstanding balance on open account from the date of written demand or in the alternative, judicial interest, as well as cost for the prosecution of the open account. Finally, E & L insists that the trial court failed to assess a reasonable attorney’s fee, in accordance to La.R.S. 9:2781 and Julius Cohen Jeweler, Inc. v. Succession of Jumonville, 506 So.2d 535 (La.App. 1st Cir.1987).
S.S.Steel argues that where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Goins v. Department of Police, 570 So.2d 93 (La.App. 4th Cir.1990). The trial court’s findings are supported by the record and will not be reversed on appeal.
By its fourth assignment of error, E & L argues that, as an alternative to open account, the trial court should have compensated it for the delay period under the theories of unjust enrichment and/or payment due under the doctrine of quantum meruit or actio de in reus verso. E & L cites several cases in which the doctrine of quantum meruit or actio de in reus verso was applied: Blackie’s Rental Tool & Supply Co., Inc. v. J.P. Vanway, 563 So.2d 350 (La.App. 3rd Cir.1990); Howell v. Rhoades, 547 So.2d 1087 (La.App. 1st Cir.1989) and Villars v. Edwards, 412 So.2d 122 (La.App. 1st Cir.1982).
E & L also cites La.C.C.P. article 2164 to support the proposition that the court of appeal may render any judgment which is just, legal and proper upon the record on appeal.
S.S.Steel argues that E & L failed to advance any of these theories at trial and is precluded from raising them on appeal. Nor did E & L present any evidence that S.S.Steel received any benefit beyond the services which it had contracted for. S.S. Steel maintains that it was E & L’s failure to include additional charges when quoting fees for its services that is the source of this dispute. We agree that this appears to be the case.
For the foregoing reasons, the trial court’s judgment is affirmed.
AFFIRMED.