804 So.2d 451 (2001)
Leon ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-253.
District Court of Appeal of Florida, Fourth District.
November 7, 2001.
*452 Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, C.J.
Leon Robinson timely appeals the trial court's order declaring him to be a sexual predator after he was convicted of carjacking and kidnapping a baby girl. It was undisputed that Robinson, in committing the crimes, had not engaged in any sexual act upon or in the presence of the child. We hold the statute as applied to Robinson is unconstitutional and, therefore, reverse.
Section 775.21, Florida Statutes (Supp.1998), also known as the Florida Sexual Predators Act, provides, in pertinent part,
(4) Sexual predator criteria.
* * * *
(c) ... [U]pon conviction, an offender shall be designated as a "sexual predator"... if:
1. The felony meets the criteria of former § 775.22(2) and 775.23(2), specifically, the felony is:
a. A capital, life, or first-degree felony violation of s. 787.01 or s. 787.02, where the victim is a minor and the defendant is not the victim's parent, or of chapter 794 or s. 847.0145, or a violation of a similar law of another jurisdiction....
§ 775.21(4)(c)1, Fla. Stat. (Supp.1998)(emphasis supplied). There is no ambiguity in this particular section; if the defendant meets the substantive criteria for the designation of a sexual predator, the court must designate him as so. See State v. Dugan, 685 So.2d 1210, 1212 (Fla.1996)(holding that if "the language of the statute is clear and unambiguous, a court must derive legislative intent from the words used without involving rules of construction or speculating as to what the legislature intended"). Section 775.21(4)(c)1 expressly required the trial court to make a finding of sexual predator status in the instant case because Robinson was convicted of violating section 787.01 and because the baby was not his child.
Robinson, nevertheless, argues section 775.21(4)(c)1 is unconstitutionally overinclusive, as it covers offenses that do *453 not involve nor require sexual contact. We agree. The section's broad definition of sexual predator does not pass the rational relationship test. The rational relationship test applies because section 775.21 is regulatory, not punitive, see Walker v. State, 718 So.2d 217, 218 (Fla. 4th DCA 1998)("The sexual predator designation `is neither a sentence nor a punishment but simply a status resulting from the conviction of certain crimes.'")(quoting Fletcher v. State, 699 So.2d 346, 347 (Fla. 5th DCA 1997)), and because kidnappers such as Robinson are not a part of a suspect or quasi-suspect class. See F.C.C. v. Beach Communications, Inc., 508 U.S. 307, 313, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993)("In areas of social and economic policy, a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld... if there is any reasonable conceivable basis for the classification.").
While the statute may have been based on the premise that providing the community with relevant information about certain types of offenders was a reasonable way to help them protect themselves and their children, we hold that the language used goes beyond that purpose when applied in this case. Designating a person such as Robinson as a sexual predator when there is no sexual element to his crime would lead to an absurd result. The legislature could have achieved the same remedial goals, for example, by patterning section 775.21 after the federal standard[1] and, thus, specifically targeting those defendants who commit crimes against children regardless of any sexual element. By instead pigeonholing defendants such as Robinson into the same category as sexual predators, it has effectively subjected them to an unwarranted stigma. This is not only unjust, it is legally unsound. Accordingly, we reverse the designation.
REVERSED.
GROSS, J., concurs.
STONE, J., dissents with opinion.
STONE, J., dissenting.
I would affirm. Although I agree that the rational relationship test is applicable, I do not concur in the conclusion that classifying any person, other than a parent, convicted of kidnapping a minor as a sexual predator, under sections 787.01 and.02, is unconstitutionally over-inclusive.
Granted, because of the absence of evidence of a sexual motive or act, the result in this case may appear unfair. However, it appears to me that the majority decision might well be different if the child/victim had been held for a longer period of time or had not been released. If such is the case, where do we draw the line? In my judgment, it is the legislature's prerogative to include the broad category of kidnapping in this statute, regardless of the circumstances under which the child is kidnapped or the length of time the child is held and notwithstanding an absence of evidence of what occurred during the captivity.
The civil sexual predator statute is plainly worded and is not ambiguous. It places all who violate sections 787.01 and .02 on *454 notice that, upon conviction, they will be classified under section 775.21. That should be sufficient. If the legislature did not intend this result, it can amend the statute accordingly.
NOTES
[1] See 42 U.S.C. § 14071(g)(2)(A). This section, also known as the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act ("Wetterling Act"), requires that states regulate three categories of individuals: persons convicted of a criminal offense by a nonparent against a victim who is a minor, such as kidnapping and/or false imprisonment; persons convicted of a sexually violent offense; and persons who are sexually violent predators. See 42 U.S.C. § 14071(1). There are different registration requirements for all three categories of defendants.