805 So.2d 999 (2001)
Shane RAINES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3024.
District Court of Appeal of Florida, Fourth District.
December 12, 2001.
*1000 Carey Haughwout, Public Defender, Samuel A. Walker and Margaret Good-Earnest, Assistant Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, Maria Pafullo and Melanie Ann Dale, Assistant Attorneys General, West Palm Beach, for appellee.
TAYLOR, J.
Appellant challenges his conviction and revocation of probation for failing to register as a sexual offender pursuant to section 943.0435, Florida Statutes. Although he raises several constitutional arguments, we find merit only in his contention that the statute violates equal protection in classifying him as a "sexual offender," when he was not convicted of an offense involving any sexual component.
In 1997 appellant pled no contest to a charge of false imprisonment under section 787.02, Florida Statutes. The record reveals that appellant had an argument with his fiancée when she told him she was ending their engagement. Upset by her decision, appellant locked his former fiancée's four-year-old daughter in his truck and drove away. A police chase ensued and appellant was apprehended.
In December 1999 appellant was charged by information with numerous counts for failing to comply with the registration requirements of Florida's sexual offender statute. He sought dismissal of the information and the affidavit of violation of probation based on those charges. Appellant argued that section 943.0435 unconstitutionally infringed upon his due process and equal protection rights because the false imprisonment charge did not involve any sexual behavior. After his motion was denied, appellant pled no contest to the failure to register charge and admitted *1001 violating his probation. He reserved the right to appeal the denial of his motion to dismiss.
In 1994 Congress enacted the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Program. 42 U.S.C.A. § 14071. This legislation required states, as a condition of receiving specified federal funding, to legislate the registration of sexual offenders. 42 U.S.C.A. § 14071(g); Senate Staff Analysis and Economic Impact Statement, Criminal Justice Committee and Senator Buret, CS/SB 1992 (April 8, 1998), p. 1 (discussing how the Jacob Wetterling Act and federal Megan's Law condition state receipt of its portion of federal Byrne grant formula funding upon compliance with federal standards); Doe v. Poritz, 142 N.J. 1, 662 A.2d 367, 376 (1995).
In 1997 Florida enacted a sexual offender registration statute. Ch. 97-299, § 8, Laws of Fla., eff. Oct. 1, 1997. The original version described "sex offender" as a person who had been:
convicted of committing, or attempting, soliciting, or conspiring to commit, any of the criminal offenses proscribed in the following statutes in this state or analogous offenses in another jurisdiction: s. 787.025 [luring or enticing a child], Chapter 794 [sexual battery], s. 796.03 [procuring person under age of 18 for prostitution], s. 800.04 [lewd or lascivious offenses committed upon or in the presence of persons less than 16 years of age], s. 827.071 [sexual performance by a child], s. 847.0133 [protection of minors; prohibition of certain acts in connection with obscenity], s. 847.0135 [computer pornography], s. 847.0145 [selling or buying of minors], or any similar offense committed in this state which has been redesignated from a former statute number to one of those listed in this subparagraph.
In 1998 the legislature amended section 943.0435(1)(a), modifying the definition of "sexual offender" to include kidnaping and false imprisonment, sections 787.01 and 787.02 respectively, where the victim is a minor and the defendant is not the victim's parent.[1] Ch. 98-81, § 7, Laws of Fla.
The legislature has broad discretion in determining necessary measures for the protection of the public health, safety, and welfare. State v. Yu, 400 So.2d 762 (Fla.1981). In exercising its powers, the legislature made specific findings relating to section 943.0435. It stated:
The Legislature finds that sexual offenders, especially those who have committed their offenses against minors, often pose a high risk of engaging in sexual offenses, even after being released from incarceration or commitment, and that protection of the public from sexual offenders is a paramount government interest. Sexual offenders have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government. Releasing information concerning sexual offenders to law enforcement agencies *1002 and to persons who request such information, and the release of such information to the public by a law enforcement agency or public agency, will further the governmental interests of public safety. The designation of a person as a sexual offender is not a sentence or a punishment, but is simply the status of the offender which is the result of a conviction for having committed certain crimes.
Ch.2000-246, § 3, Laws of Fla.
Because appellant was convicted of false imprisonment[2], one of the enumerated offenses in the definition of "sexual offender," he was required to register. He argues that the sexual offender statute deprives him of equal protection, because the sexual offender classification, which includes those who have not committed a sexually-related offense, is not rationally related to a governmental objective.
"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall `deny to any person within its jurisdiction the equal protection of laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). We begin our equal protection analysis by observing that the sexual offender statute improperly differentiates between a non-parent convicted of committing a non-sexual offense against a child, such as a simple battery, and a non-parent convicted of committing a non-sexual kidnaping or false imprisonment of a child. The latter is labeled a sexual offender; the former is not.
"The general rule [for equal protection] is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." Id. at 440, 105 S.Ct. 3249. Thus, our inquiry focuses upon whether the legislative classification, based upon a non-sexually motivated false imprisonment conviction, is rationally related to the object of *1003 the legislation. See Poritz, 662 A.2d at 413 (sex offenders are not a suspect or quasi suspect class; statute rationally related to compelling state interest in preventing repeat sex crimes); State v. Ward, 123 Wash.2d 488, 869 P.2d 1062 (1994)(sex offenders are not a suspect class for purposes of equal protection review; classification is not arbitrary but rationally related to state's legitimate interest in assisting local law enforcement).
Without question, the state has an interest in protecting the public from sexual offenders. Ch.2000-246, § 3 Laws of Fla. And the designation of a person as a sexual offender is rationally related to that goal where an accused has been convicted of false imprisonment under section 787.02(3)(a) 2., 3., or 4., which proscribes false imprisonment of a child under 13 when committed along with an enumerated sexual offense. However, where an accused is convicted of false imprisonment under sections 787.02(1)(a) and/or (b) and it is clear that the predicate crime is totally devoid of a sexual component, such rational basis is lost.
In Robinson v. State, 804 So.2d 451, (Fla. 4th DCA 2001), we held that section 775.21, Florida's Sexual Predators Act, was unconstitutionally overinclusive as applied to Robinson, because it proscribed offenses that were not sexual in nature. There, the trial court declared Robinson a sexual predator after he was convicted of carjacking and kidnaping a baby girl. The lack of any sexual intent during the kidnaping was undisputed. Nevertheless, because Robinson met the statutory criteria for designation as a sexual predator, he was so designated. In concluding that the statute was unconstitutional, we reasoned that it failed the rational relationship test. The instant case is analogous. Including an offender convicted of false imprisonment in the definition of "sexual offender," without a concomitant sexual component, renders the sexual offender registration statute overinclusive. The sexual offender designation, which triggers the registration requirements of section 943.0435, as applied to appellant, is not rationally related to the paramount governmental objective of protecting the public from sexual offenders.
Accordingly, we reverse the judgment and sentence resulting from appellant's plea to the charge of failing to report to the Department of Highway Safety and Motor Vehicles within forty-eight hours of changing his residential address, while being a sex offender, and his plea to violating probation based upon that substantive offense.
Because resolution of this issue may impact the proper application of laws relating to sexual predator[3] and sexual offender[4] registration, we certify to the Florida Supreme Court the following question as one of great public importance under article V, section 3(b)(4), of the Florida Constitution:
DOES SECTION 943.0435, FLORIDA STATUTES (2000), VIOLATE EQUAL PROTECTION AS TO THOSE DEFENDANTS CONVICTED OF FALSE IMPRISONMENT WHERE IT IS UNDISPUTED THAT THE OFFENSE WAS COMMITTED WITHOUT ANY SEXUAL MOTIVATION?
REVERSED.
DELL and WARNER, JJ., concur.
NOTES
[1] The current version of section 943.0435 reads:

(1) As used in this section, the term:
(a) "Sexual offender" means a person who has been: 1. Convicted of committing, or attempting, soliciting, or conspiring to commit, any of the criminal offenses proscribed in the following statutes in this state or similar offenses in another jurisdiction: s. 787.01, s. 787.02, or s. 787.025, where the victim is a minor and the defendant is not the victim's parent; chapter 794, excluding ss. 794.011(10) and 794.0235; s. 796.03; s. 800.04; s. 825.1025; s. 827.071; s. 847.0133; s. 847.0135; s. 847.0145; or any similar offense committed in this state which has been redesignated from a former statute number to one of those listed in this subparagraph.
[2] Section 787.02 provides:

(1)(a) The term "false imprisonment" means forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against her or his will.
(b) Confinement of a child under the age of 13 is against her or his will within the meaning of this section if such confinement is without the consent of her or his parent or legal guardian.
(2) A person who commits the offense of false imprisonment is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(3)(a) A person who commits the offense of false imprisonment upon a child under the age of 13 and who, in the course of committing the offense, commits any offense enumerated in subparagraphs 1. 5., commits a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084.
1. Aggravated child abuse, as defined in s. 827.03;
2. Sexual battery, as defined in chapter 794, against the child;
3. Lewd or lascivious battery, lewd or lascivious molestation, lewd or lascivious conduct, or lewd or lascivious exhibition, in violation of s. 800.04;
4. A violation of s. 796.03 or s. 796.04, relating to prostitution, upon the child; or
5. Exploitation of the child or allowing the child to be exploited, in violation of s. 450.151.
(b) Pursuant to s. 775.021(4), nothing contained herein shall be construed to prohibit the imposition of separate judgments and sentences for the first degree offense described in paragraph (a) and for each separate offense enumerated in subparagraphs (a)1.-5.
[3] § 755.21, Fla. Stat. (2000)("The Florida Sexual Predator Act").
[4] § 943.0435, Fla. Stat.