BJudge MIRIAM G. WALTZER.
The City of New Orleans, Department of Public Works appeals a ruling by the Civil Service Commission affirming the hiring authority’s finding of cause to discipline its employee, Juanesta Bush, but changing the discipline imposed from termination to suspension.
STATEMENT OF FACTS AND HISTORY OF THE CASE
The City hired Bush on 5 November 1995, and appointed her to the position of Senior Parking Control Officer or Parking Ambassador on 13 July 1997. The City terminated her employment by letter on 1 *979 March 2000 after learning of certain deliberate and egregious misconduct. After learning of specific complaints and receiving a reprimand for parking in a passenger zone reserved for the Council on Aging, Bush moved a barricade and parked her personal vehicle in a passenger zone reserved for the Council on Aging. Bush appealed her termination, and after a hearing on 2 May 2000, the Orleans Parish Civil Service Commission upheld the City’s decision to discipline Bush but changed the disciplinary action from termination to suspension and awarded back wages. The City appeals the Commission’s ruling, arguing that the Commission erred in modifying the disciplinary action.
| .STANDARD OF REVIEW
We review the decision of the Commission under the manifest error standard. Goins v. Department of Police, 570 So.2d 93, 95 (La.App. 4 Cir.1990). We must give great weight to factual conclusions of the finder of fact, and are not to disturb reasonable evaluations of credibility and reasonable inferences of fact where there is a conflict in the testimony. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Id.
An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action by his employer except for cause expressed in writing. The employee may appeal such disciplinary action to the City Civil Service Commission. The burden of proof on appeal, as to the facts, shall be on the appointing authority. LSA Const. art. X, § 8 (1974), Walters v. Department of Police, 454 So.2d 106, 112-13 (La.1984). The Commission’s decision is subject to review on any question of law or fact, on appeal. LSA Const. Art. X § 12(B).
The Commission has a duty to independently decide, from the facts presented, whether the appointing authority had a good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed was commensurate with the dereliction. Walters, supra at 113. Legal cause for disciplinary action exists whenever an employee’s conduct impairs the efficiency of the public service in which that employee is engaged. Cittadino v. Department of Police, 558 So.2d 1311 (La.App. 4 Cir.1990). The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained of activity occurred, and l3that such activity bore a real and substantial relationship to the efficient operation of the public service. Cittadino, supra at 1315.
In reviewing the Commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, this court should not modify the Commission’s order unless it is arbitrary, capricious or characterized by an abuse of discretion. Walters, supra at 114. “Arbitrary or capricious” means that there is no rational basis for the action taken by the Commission. Bannister v. Department of Streets, 95-0404 p. 8 (La.1/16/96), 666 So.2d 641, 647.
The Commission has the authority to. “hear and decide” disciplinary cases, including the authority to modify, reverse or affirm a penalty. LSA Const. Art. X § 12, Branighan v. Department of Police, 362 So.2d 1221, 1223 (La.App. 4 Cir.1978). The legal basis for any change in a disciplinary action can only be that sufficient cause for the action was not shown by the appointing authority. The protection of civil service employees is only against firing (or other discipline) without cause. Branighan, supra at 1222.
*980 The appointing authority is charged with the operation of his department and it is within his discretion to discipline an employee for cause. Joseph v. Department of Health, 389 So.2d 739, 741 (La.App. 4 Cir.1980). The Commission is not charged with this duty. Id.
DISCUSSION
The City argues that the Commission acted arbitrarily by finding cause to discipline but modifying the disciplinary action. We agree. The Commission found that Bush violated the duties of her office and impaired the efficient operation of the Department, thus concluding that cause existed for disciplining 14Bush, but reduced the discipline from termination to suspension for 120 days. We agree that the record clearly establishes sufficient cause to discipline Bush, and the parties do not contest the factual findings or the conclusion that cause existed to discipline Bush. She violated a public ordinance on more than one occasion. In January 2000, her employer reprimanded her, in writing, for the conduct for which it eventually terminated her in March 2000 after she defiantly repeated this misconduct. Her only defense to her misconduct was that she knew her actions violated an ordinance but she believed the ordinance was not being enforced. However, neither the public nor the elderly people for whom the ordinance was designed to protect knew of the lack of enforcement. Moreover, we do not believe that Bush’s claim that the City was not enforcing the ordinance relieved her of the obligation to refrain from such blatant and egregious misconduct. Furthermore, we are not concerned with whether the City punishes similar misconduct by other employees. We would encourage such discipline but Bush’s wrongdoing is not mitigated by her allegation that the City only punished her, because a news reporter recorded and televised her offense.
The Commission agreed that cause existed for disciplining Bush but concluded that termination was not appropriate. The Commission reduced the City’s punishment from termination to suspension. We find no evidence in the record to support this modification of the hiring authority’s decision. Bush was reprimanded in writing for similar conduct for which she was eventually terminated. She repeated the misconduct and was terminated. Having found cause to discipline Bush, the Commission abused its discretion by modifying the hiring authority’s disciplinary action.
| .CONCLUSION
For the above reasons, we reverse the Civil Service Commission’s modification of the City’s disciplinary action. We reinstate the City’s termination of Bush. In all other respects the Commission’s decision is affirmed.
REVERSED, IN PART, AND AFFIRMED.
ARMSTRONG, J., concurs with reasons.