915 So.2d 257 (2005)
David WEST, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2304.
District Court of Appeal of Florida, Fifth District.
December 2, 2005.
James S. Purdy, Public Defender and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
David West ["West"], appeals the summary denial of his Rule 3.850 motion for post-conviction relief. On December 11, 2003, West entered a nolo contendere plea to the charge of failure of a sex offender to *258 properly register. § 943.0435, Fla. Stat. (2004). He was placed on sex offender probation for five years.[1] He filed an appeal, and his judgment and term of probation were affirmed. West v. State, 888 So.2d 730 (Fla. 5th DCA 2004). Thereafter, West filed his Rule 3.850 motion for post-conviction relief.
West claims that counsel was ineffective for failing to advise him that the state would have been required to prove knowledge of the registration requirement had he gone to trial. This requirement was recognized by the Florida supreme court in State v. Giorgetti, 868 So.2d 512 (Fla. 2004). This is a proper claim, as it would be defense counsel's responsibility to advise his client of the nature of the charge and all possible defenses. See Grosvenor v. State, 874 So.2d 1176 (Fla.2004).
The trial court, in denying relief, attached the transcript of the hearing, which began as a hearing on West's motion to dismiss his counsel and which ended with a negotiated plea. During the hearing, West's public defender commented that the circumstances of the case were "bizarre" and "unfortunate," and that West had really done nothing wrong. Defense counsel said that West not registering as a sex offender was really "administrative" because West had been told by the judge in Washington that the registration requirement only lasted for a period of time and that once that term had passed, "that was the end of it." West claims he had no notion that he had to register when he moved to Florida. The hearing transcript also shows that West was anxious to have any offer of probation because he was raising his six-year-old daughter by himself, and she was in state custody at the time of the hearing.
Defense counsel was not ineffective for failing to anticipate Giorgetti because the supreme court issued their Giorgetti decision after West's plea. However, in 2002, the Fourth District Court of Appeal first held that before a sexual offender may be held criminally liable for failing to register, the State must prove the offender's "guilty knowledge," or that he was aware of the registration requirement and failed to register. See Giorgetti v. State, 821 So.2d 417. In the absence of interdistrict conflict, decisions of the district courts of appeal represent the law of the state, and are binding on all Florida trial courts. See Pardo v. State, 596 So.2d 665 (Fla.1992).
West stated at the hearing that defense counsel had only discussed his case with him three times and that all discussions involved possible plea offers from the State. There was no discussion of possible defenses and the hearing transcript suggests no awareness of a viable defense on the part of any of the participants at the plea hearing.
In Grosvenor, 874 So.2d 1176, where a defendant alleged that counsel failed to discuss a possible defense before the plea, the Supreme Court of Florida held that this type of claim must be reviewed under a totality of the circumstances analysis. The viability of the defense is one factor in determining the credibility of defendant's assertion that he would have gone to trial had he been informed of the defense. Other factors to be considered are the thoroughness of the plea colloquy, and the *259 sentence defendant received in comparison to the sentence he could have received had he gone to trial. In this case, for example, the state agreed to drop two drug charges as part of the plea agreement. As in many cases which involve a Grosvenor analysis, an evidentiary hearing is needed in this case to determine whether West would have gone to trial had he been informed of the defense.
REVERSED and REMANDED.
ORFINGER and TORPY, JJ., concur.
NOTES
[1] It was agreed below that the charged offense was not one that required sex offender probation; however, the State appeared concerned for the safety of West's daughter because he was raising her alone and because substantial amounts of pornography were found about the house. The extra provisions of sex offender probation appeared attractive to the State for the protection of the child.