JOAN BERNARD ARMSTRONG, Chief Judge.
 

 |, The defendant-appellant and “Appointing Authority”, the New Orleans Fire Department (NOFD), appeals a decision of the Civil Service Commission (“Commission”)dated June 10, 2009, in favor of the plaintiff-appellee, Captain Gary Ballier, ordering the NOFD to reinstate the plaintiff.
 

 The following facts are uncontested: At all times relevant to this appeal,
 
 *510
 
 Captain Ballier was employed by the NOFD as a Fire Captain with permanent status. An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action by the Appointing Authority, in this case the NOFD, except for cause expressed in writing. La. Const. Art. X, sec. 8(A);
 
 Walters v. Department of Police of New Orleans,
 
 454 So.2d 106 (La.1984). The burden of proof on appeal to the Civil Service Commission, as to the factual basis for the disciplinary action, is on the Appointing Authority.
 
 Id.; Goins v. Department of Police,
 
 570 So.2d 93 (La.App. 4 Cir.1990). He was originally hired on March 22, 1992, and was appointed to his current position on June 13, 2004. Captain Ballier was notified of his termination in a letter dated August 27, 2008. The sole reason expressed in the termination letter signed by Charles Parent, Superintendent of Fire, was that:
 

 |2I have reviewed the information you presented relative to your medical situation, and have postponed the final decision concerning your termination to allow you ample time to bring a return to work form. The date that the form was to be in the départment’s possession was August 25, 2008, and it was not, therefore I have concluded that you should be terminated effective this date, in accordance with Civil Service rule IX.
 

 Captain Ballier appealed his dismissal to the Civil Service Commission and was granted a hearing on February 12, 2009.
 

 Captain Ballier was absent from work for an extended period following Hurricane Katrina because of a stress related medical condition. The NOFD took the position he had exceeded the permissible time to return to work, in spite of having received extensions of time to comply. The NOFD conducted a pre-termination hearing on February 27, 2008, and gave Captain Ballier two additional months in which to return to work. The two months eventually turned into three and the NOFD conducted a second pre-termination hearing on August 14, 2008. The NOFD contends that Captain Ballier was instructed to provide a return to work form no later than August 25, 2008, or face termination. When Captain Ballier failed to provide the return to work form by the expiration of the August 25, 2009 deadline, he was terminated.
 

 In his testimony before the Commission, Captain Ballier testified that he informed the NOFD at the August 14, 2009 pre-termination hearing that he was ready to return to work. He denied that he was given an August 25, 2008, deadline in which to provide the return to work documentation. He testified that he was only directed to provide the documentation as soon as possible rather than for any date certain.
 

 |sCaptain Ballier testified that he acted promptly by going to his doctor, Dr. J. Robert Barnes, the morning immediately following the August 14, 2009 hearing to obtain the necessary approval on the return to work form. Dr. Barnes testified by sworn affidavit that his completion and delivery of the return to work form was delayed by surgical obligations and the temporary closure of his office due to the Hurricane Gustav evacuation. He faxed a letter of explanation to the NOFD on September 16, 2008.
 

 Captain Ballier testified to his good faith efforts to return the form in a timely manner, stating that prior to receiving his termination letter he remained in constant contact with the NOFD by means of both in person visits to Fire Headquarters and by telephone calls informing his superiors that he was waiting for his doctor to sign and return the form.
 

 
 *511
 
 The Commission has a duty to decide independently from the facts presented whether the Appointing Authority has good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction.
 
 Walters, supra.
 
 Legal cause exists whenever the employee’s conduct impairs the efficiency of the public service.
 
 Id.
 
 The Appointing Authority must also prove the actions complained of bear a real and substantial relationship to the efficient operation of the public service.
 
 Id.
 
 While these facts must be clearly established they need not be established beyond a reasonable doubt.
 
 Id.
 
 In any event, we find this to be a fact intensive case. The Commission found that the NOFD failed to establish by a preponderance of the evidence that it terminated Captain Ballier for cause. It further found that the NOFD was aware of the fact that Captain Ballier was “having difficulty obtaining the required paperwork because of circumstances beyond his control.” The Commission Concluded that:
 

 |4[T]he Appointing Authority chose to ignore these circumstances, which included a Hurricane Evacuation, and terminated the Appellant anyway. Clearly, the Appellant was willing and able to return to work, and the Appointing Authority knew it. Instead of allowing a reasonable delay because of extenuating circumstances, the Appointing Authority arbitrarily terminated [Captain Ballier’s] employment.
 

 The facts set forth hereinabove as found by the appointing authority are basically a verbatim adoption of the report of the Hearing Examiner dated May 14, 2009.
 

 The report of the pre-termination hearing dated August 14, 2009 supports Captain Ballier’s assertion that he was not instructed to return the form by a date certain, i.e., August 25, 2008. The only reference in the pre-termination hearing report concerning the timing required for the submission of the return to work form is to be found in the section of the report entitled, Hearing Panel Comments where it states:
 

 “[Captain Ballier] will bring return to work form Monday or Tuesday, with the day scheduled to return to duty.”
 

 We can reasonably assume that the Monday or Tuesday referred to is Monday, August 19, 2008 or Tuesday, August 20, 2008 which are the Monday and Tuesday immediately following the Wednesday, August 14, 2008 pre-termination hearing. There is no mention of a deadline and no reference to August 25, 2008. Thus the documentary evidence in the record supports Captain Ballier’s testimony. There is no documentary evidence in the record to support the position taken by the NOFD in its August 27, 2008 letter of termination stating that there was a deadline of August 25, 2008. In its brief, the NOFD stated that:
 

 During the ... hearing held on August 14, 2008, the [NOFD] instructed the ap-pellee to provide a return to |swork form no later than August 25, 2008, to avoid termination.
 

 However, the NOFD never says who instructed Captain Ballier concerning the August 25, 2008 deadline and there is no evidence in the record of any one doing so. Moreover, the NOFD never says what form the alleged instruction took, whether oral or written, and there is no evidence in the record of this either. There is not even any indirect evidence in the record from which the existence of such instructions could be inferred.
 

 The NOFD does not dispute the testimony of Captain Ballier discussed earlier in this opinion where he stated that he went to his doctor the morning after the August 14, 2008 pre-termination hearing at
 
 *512
 
 which time he dropped off the form. Nor does the NOFD dispute any of the timing of the sequence of events as presented by Captain Ballier. The NOFD’s entire case hinges upon the existence of the alleged August 25, 2008 deadline, a deadline that has no support in the record.
 

 Therefore, we are compelled to agree with the conclusion of the Civil Service Commission as supported by the record that there was no August 25, 2008 deadline and that Captain Ballier made a good faith effort to get the form back as quickly as possible; and that the form was in fact returned as quickly as was possible under the circumstances, those circumstances being conflicts in his doctor’s schedule and the intervention of Hurricane Gustav — all of which were beyond Captain Ballier’s control.
 

 |fiFor the foregoing reasons, the decision of the Civil Service Commission to reinstate Captain Ballier is affirmed.
 

 AFFIRMED.