MORRIS, Judge.
 

 Christopher W. Munroe appeals the summary denial of his motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, which raised one claim of ineffective assistance of counsel. We reverse and remand for an evi-dentiary hearing to determine whether Munroe’s counsel failed to advise him of a viable defense and, if so, whether Munroe would have gone to trial if he had been informed of the defense.
 

 On August 28, 2008, Munroe pleaded no contest to failure to register as a sexual offender in the Sixth Judicial Circuit, Pas-co County.
 
 See
 
 § 943.0435(9), Fla. Stat. (2007). He was designated a sexual offender because he had been convicted of false imprisonment in the Seventeenth Judicial Circuit, Broward County.
 
 See
 
 § 787.02, Fla. Stat. (2000); § 943.0435(l)(a)(l)(a)(I), Fla. Stat. (2007). He was sentenced to three years in prison for failure to register.
 

 To show ineffective assistance of counsel, a defendant must satisfy both prongs of the test set forth in
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):(1) that counsel’s performance was deficient and (2) that counsel’s deficient performance prejudiced the result of the proceeding. The first prong requires a showing that counsel made errors so serious that his performance fell below an objective standard of reasonableness.
 
 Id.
 
 at 688,104 S.Ct. 2052. In the context of a plea, the second prong requires a showing that there is “a reasonable probability that, but for counsel’s errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.”
 
 Hill v. Lockhart,
 
 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In determining the credibility of the defendant’s claim that he would have insisted on going to trial, the court should consider
 

 
 *975
 
 “the totality of the circumstances surrounding the plea, including such factors as whether a particular defense was likely to succeed at trial, the colloquy between the defendant and the trial court at the time of the plea, and the difference between the sentence imposed under the plea and the maximum possible sentence the defendant faced at a trial.”
 

 Lawrence v. State,
 
 969 So.2d 294, 307 (Fla. 2007) (quoting
 
 Grosvenor v. State,
 
 874 So.2d 1176, 1181-82 (Fla.2004)).
 

 Munroe claims that his counsel was ineffective for incorrectly advising him that he had no defense to his sexual offender designation and that the designation automatically flowed from his prior false imprisonment conviction. He claims that the false imprisonment offense had no sexual component and that he was not designated a sexual offender in Broward County. He maintains that but for counsel’s misadvice that these factors were irrelevant to his sex offender status, he would not have entered his plea. The postconviction court incorrectly denied Munroe’s claim, finding that Munroe could only challenge his sexual offender designation in Broward County and that his false imprisonment conviction qualified him as a sexual offender regardless of whether there was a sexual component to the crime.
 

 To convict a defendant of failure to register as a sexual offender, the State must prove beyond a reasonable doubt that the defendant is a sexual offender unless the defendant stipulates that he or she is a sexual offender.
 
 In re Standard Jury Instructions in Criminal Case
 
 s—Re
 
 port No. 2007-4,
 
 983 So.2d 531 app. at 533 (Fla.2008). Florida’s sexual offender registration statute provides several ways to prove sexual offender status, one of which is proof of a prior conviction under a cross-referenced statutory section:
 

 943.0435 Sexual offenders required to register with the department; penalty.—
 

 (1) As used in this section, the term:
 

 (a)l. “Sexual offender” means a person who meets the criteria in sub-sub-paragraph a., sub-subparagraph b., sub-subparagraph e., or sub-subparagraph d., as follows:
 

 a.(I) Has been convicted of committing, or attempting, soliciting, or conspiring to commit, any of the criminal offenses proscribed in the following statutes in this state or similar offenses in another jurisdiction: s. 787.01, s. 787.02, or s. 787.025(2)(c), where the victim is a minor and the defendant is not the victim’s parent or guardian; s. 794.011, excluding s. 794.011(10); s. 794.05; s. 796.03; s. 796.035; s. 800.04; s. 825.1025; s. 827.071; s. 847.0133; s. 847.0135, excluding s. 847.0135(4); s. 847.0137; s. 847.0138; s. 847.0145; or s. 985.701(1); or any similar offense committed in this state which has been re-designated from a former statute number to one of those listed in this sub-sub-subparagraph ....
 

 § 943.0435(l)(a)(l)(a)(I). However, where the sexual offender designation is based on a conviction for a crime that does not necessarily include a sexual component, such as false imprisonment, the State must also prove that there was a sexual component to the crime.
 
 Cf. State v. Robinson,
 
 873 So.2d 1205, 1207 (Fla.2004) (holding that the Florida Sexual Predators Act, § 775.21 (Supp.1998), “which requires certain defendants to register as sexual predators ..., is unconstitutional as applied to a defendant whose crime indisputably did
 
 not
 
 contain a sexual element”);
 
 see Raines v. State,
 
 805 So.2d 999, 1003 (Fla. 4th DCA 2001) (holding that section 943.0435 violates equal protection where it includes “offenderfs] convicted of false imprisonment in the definition of ‘sexual offender,’
 
 *976
 
 without a concomitant sexual component”). The record on appeal does not refute Mun-roe’s allegations that there was no sexual component to his false imprisonment conviction and that he was not designated a sexual offender by the Broward court.
 

 If counsel failed to advise Munroe of a potentially viable defense based on the lack of a sexual component to his false imprisonment offense, counsel’s performance may have been deficient.
 
 See Grosvenor,
 
 874 So.2d at 1181;
 
 West v. State,
 
 915 So.2d 257, 258 (Fla. 5th DCA 2005). Additionally, Munroe’s claim of prejudice — that he would have proceeded to trial — is credible if he can demonstrate that the defense was viable.
 
 See Grosvenor,
 
 874 So.2d at 1181;
 
 West,
 
 915 So.2d at 258. Accordingly, we reverse and remand for an evidentiary hearing to determine whether Munroe’s counsel failed to advise him of a viable defense and, if so, whether Munroe would have gone to trial if he had been informed of the defense.
 

 Reversed and remanded for an eviden-tiary hearing.
 

 VILLANTI and WALLACE, JJ., Concur.