MORRIS, Judge.
 

 Christopher Munroe appeals the non-summary denial of his motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 after this court reversed the initial summary denial and remanded for an evidentiary hearing.
 
 See Munroe v. State,
 
 28 So.3d 973 (Fla. 2d DCA 2010). We affirm the postconviction court’s nonsummary denial.
 

 In his motion, Munroe argued that his trial counsel was ineffective in failing to advise him that he had a viable defense to
 
 *1045
 
 the charge of failing to register as a sexual offender because he was not designated a sexual offender by the court that entered his conviction for the qualifying offense of false imprisonment and because there was no sexual component to his false imprisonment offense.
 
 See id.
 
 at 975. We affirm the postconviction court’s conclusion that trial counsel was not ineffective in his advice to Munroe. Munroe was required to register as a sexual offender by virtue of his conviction for the qualifying offense of false imprisonment where the victim was a minor and not his child.
 
 See
 
 § 943.0435(1)(a)(1), Fla. Stat. (2002);
 
 Raines v. State,
 
 805 So.2d 999, 1002 (Fla. 4th DCA 2001) (“Because appellant was convicted of false imprisonment, one of the enumerated offenses in the definition of ‘sexual offender,’ he was required to register.” (footnote omitted)). And the evidence at the evidentiary hearing indicates that trial counsel reasonably determined that there was in fact a sexual component to Munroe’s qualifying offense of false imprisonment. Cf
 
 . State v. Robinson,
 
 873 So.2d 1205, 1207 (Fla.2004) (holding that sexual predator act was “unconstitutional as applied to a defendant whose crime indisputably did
 
 not
 
 contain a sexual element”);
 
 Raines,
 
 805 So.2d at 1003 (holding that sexual offender designation was unconstitutionally applied to the defendant where “it [wa]s clear that the predicate crime [of false imprisonment] [wa]s totally devoid of a sexual component”). Accordingly, trial counsel properly advised Mun-roe that he had no viable defense to the charge of failing to register as a sexual offender.
 

 We take this opportunity to clarify a statement made in our previous opinion in
 
 Munroe,
 
 28 So.3d 973. In
 
 Munroe,
 
 this court suggested that
 
 Robinson
 
 held that in order for the defendant to be designated a sexual predator based on his or her qualifying conviction for an offense that does not necessarily include a sexual element, such as false imprisonment, the State must prove that there was a sexual component to the offense.
 
 Munroe,
 
 28 So.3d at 975-76 (citing
 
 Raines,
 
 805 So.2d at 1003, for the same suggestion). But
 
 Robinson’s
 
 holding is much more narrow and does not impose such a blanket requirement on the State; the court in
 
 Robinson
 
 simply held that the sexual predator designation is unconstitutionally applied to a defendant who is convicted of a qualifying offense that does not contain a sexual element, such as false imprisonment or kidnapping, where it is
 
 undisputed by the State
 
 that the facts of the particular qualifying offense do not contain a sexual component. 873 So.2d at 1217;
 
 see also Raines,
 
 805 So.2d at 1003.
 
 Robinson
 
 allows a defendant to challenge a designation on the narrow basis discussed in that case. In this case, Munroe was unable to demonstrate that he is entitled to relief under
 
 Robinson.
 

 Affirmed.
 

 SILBERMAN, C.J., and CASANUEVA, J., Concur.