DANIEL L. DYSART, Judge.
|! This matter stems from a class action originally filed on behalf of six plaintiffs, all sergeants for the New Orleans Police Department (hereinafter “NOPD”), who each served as the commander of a platoon during some time period between 1996 and 1998. These plaintiffs maintained that the duties they were performing were those of the rank of lieutenant and notified the Director of Civil Service that they were working out of class, and were therefore entitled to additional compensation under the Civil Service rules. An investigation by the Civil Service Commission (hereinafter “Commission”) confirmed the plaintiffs’ position and the Commission granted them back pay pursuant to Civil Service Rule III, Section 4.1.
The police officers then filed a motion to reconsider, arguing that the Commission rules also required the NOPD fill the vacant lieutenants’ positions by making pro *1008 motions. The Commission issued an opinion finding that it could not order the NOPD to promote them because the Commission could not determine if the plaintiffs would have been chosen to fill the vacant positions.
12That decision was appealed to the district court and subsequently to this Court. In Appeal from a Ruling of the Civil Service Commission for the City of New Orleans in the Matter of Bua v. Department of Police, 04-0564, 04-0565 (La.App. 4 Cir. 2/2/05), 894 So.2d 1214, an opinion from which the above facts were taken, this Court affirmed the Commission’s decision to grant plaintiffs supplemental pay.
Samuel Bua held the permanent classified position of sergeant, and was found to be working in a higher classification without proper compensation. Along with the other plaintiffs, he was found to be owed increased compensation. Pay rates were determined and stipulated to by each side, and the individual back pay and emoluments issues were resolved.
Mr. Bua, the only remaining plaintiff, argues in his only assignment of error, that he should have been paid his terminal leave pay at the higher lieutenant’s rate, rather than a sergeant’s pay rate. The Commission denied Mr. Bua’s request citing the Rules of the Civil Service Commission, City of New Orleans, Rule III, Section 4.1(d).
STANDARD OF REVIEW:
Except in cases of alleged discrimination, the burden of proof on appeal, as to the facts, shall be on the Appointing Authority under Civil Service Rule II, § 4.4 and § 4.8. In a civil service case, the appellate court’s review of the findings of fact is governed by the manifest error or clearly erroneous standard. Terry v. Department of Police, 2008-1486, p.2 (La.App.10/7/09), 28 So.3d 974, 975, citing Goins v. Department of Police, 570 So.2d 93 (La.App. 4 Cir.1990).
The Terry court further noted:
|s“Where the [Civil Service] Commission’s decisions involve jurisdiction, procedure, and interpretation of laws and regulations, judicial review is not limited to the arbitrary, capricious, or abuse of discretion standard.” Walton v. French Market Corporation, 94-2457, p. 3 (La.App. 4 Cir. 4/26/95), 654 So.2d 885, 887.
[[Image here]]
A mixed question of fact and law should be accorded great deference by the reviewing court under the manifest error standard of review. Brasseaux v. Town of Mamou, 99-1584, pp. 7-8 (La.1/19/00), 752 So.2d 815, 820-21.
Terry, 08-1436, pp. 2-3, 23 So.3d at 975-976; also see Russell v. Mosquito Control Bd., 06-0346, p. 8 (La.App. 4 Cir. 9/27/06), 941 So.2d 634, 639-40.
DISCUSSION:
The rule, which plaintiff argues the Commission erroneously relied upon, states:
If, while performing work in a higher classification, the employee is separated from the service, any payment of terminal leave shall be paid in accordance with the employee’s rate of pay in his or her permanent (primary) classification.
Mr. Bua argues that he did not separate from the department while performing work at a higher classification, and therefore the rule does not apply to his situation. It is Mr. Bua’s position that the rule was implemented to render to a person who leaves the job while working in a higher classification the same benefits as if he had been in fact promoted. He notes that he was not promoted because the “Lieutenant’s list was killed despite twenty *1009 five open positions being available at the time.”
Mr. Bua does not direct this Court to any Commission rule that would cover this allegedly unique situation.
|4In its ruling of May 23, 2011, the Commission stated: “Mr. Bua retired from the police department in his permanent classification of police sergeant. Therefore, consistent with our rules, the Appointing Authority properly paid him all accrued leave at the appropriate rate.”
There is nothing in this record to indicate that Mr. Bua was ever promoted to the rank of lieutenant. Rather, it appears from the record and history of this case that he performed the work of a lieutenant for a brief period of time, and that he was justly compensated.
Therefore, applying the proper standard of review and noting that Mr. Bua cites to no legal authority for his position, we find that the ruling of the Commission dated May 23, 2011, is affirmed.
AFFIRMED