DANIEL L. DYSART, Judge.
11 Shelita Boudreaux appeals a ruling of the Civil Service Commission denying the appeal of her termination as an investigator for the Office of the Inspector General for the City of New Orleans. For the following reasons, we affirm.
Shelita Boudreaux (“Boudreaux”) worked for the Inspector General for the City of New Orleans as an Investigator 2. She was terminated from her employment following an investigation surrounding funds spent and gratuities accepted for an office crawfish boil.
Boudreaux and two co-workers agreed to do the leg-work for an office crawfish boil, including purchasing the crawfish, drinks, and supplies for the boil. One of Boudreaux’s co-workers agreed to pay for an additional sack of crawfish, and gave Boudreaux her credit card to make the purchase. According to Boudreaux, the co-worker also asked Boudreaux to buy some shrimp. Several months later, the co-worker complained to her supervisors that Boudreaux had used her credit card to purchase personal items. An investigation ensued.
|2Puring the course of an internal investigation, Howard Schwarz, the first assistant inspector general, interviewed Bou-dreaux and asked her if she used her coworker’s credit card to purchase a sack of crawfish, shrimp and other personal items. Boudreaux admitted to using the card to buy the crawfish at KJean’s Seafood, and stated she also used it at Rouse’s to purchase shrimp and personal items. Bou-dreaux claimed that she reimbursed the co-worker in cash for the personal items on the day of the crawfish boil when she returned the credit card.
Schwarz subsequently obtained a copy of the Rouse’s receipt, which did not include the purchase of shrimp. When asked about the discrepancy, Boudreaux changed her story and said she purchased the shrimp at a seafood store in New Orleans East with her own cash. She did not have a receipt for the purchase.
Another investigator interviewed the owner of KJean’s Seafood where the craw-fish had been purchased. The owner told the investigator that he received a call from an employee while Boudreaux and a co-worker were buying the crawfish, and he instructed his employee to give them ten pounds of free shrimp as “lagniappe” *697 in appreciation of their business and because they were in the law enforcement field.
The Office of the Inspector General has a strict policy forbidding its employees from accepting anything of value from third parties. Schwarz explained that if Boudreaux had admitted that she accepted the shrimp as a gratuity, she would have been allowed to simply pay for the shrimp to remedy the infraction. However, because she attempted to cover up what had actually | shappened, her lack of candor and outright dishonesty resulted in her termination. Ed Quatrevaux, the Inspector General for the City of New Orleans, testified that his office could not retain an employee who lied during the course of an investigation as that could affect the credibility of his entire department.
The Civil Service Commission reviewed the termination and concluded that Bou-dreaux was terminated for cause as a result of her own misconduct during an internal investigation into her behavior. Following the hearing, the Commission dismissed Boudreaux’s appeal.
DISCUSSION:
Boudreaux argues that there was insufficient evidence produced to support a finding that she received a gratuity (free shrimp) in violation of internal rules and regulations. In the alternative, she argues that if this Court finds the evidence was sufficient, the punishment was excessive and not commensurate with the infraction.
Legal cause for termination exists when an employee’s conduct impairs the efficiency of the public service in which the employee is engaged. Razor v. New Orleans Dep’t of Police, 04-2002, p. 3 (La. App. 4 Cir. 2/15/06), 926 So.2d 1, 4. The appointing authority, in this case the Office of the Inspector General for the City of New Orleans, has the burden of proving cause for termination by a preponderance of the evidence. Id.
Appellate review of the factual findings of the Commission in a civil service case is governed by the manifest error or clearly wrong standard. Bua v. Dep’t of Police, 11-1043, p. 2 (La.App. 4 Cir. 1/25/12), 81 So.3d 1007, 1008. “Further, mixed questions of fact and law should be accorded great deference by appellate courts under the manifest error standard of review.” O’Hem v. Dep’t of Police, 13-1416, p. 7 (La.11/8/2013), 131 So.3d 29; Brasseaux v. Town of Mamou, 99-1584, pp. 7-8 (La.1/19/00), 752 So.2d 815, 820-21. A reviewing court should only reverse a decision of the Commission if it is arbitrary, capricious, or is an abuse of discretion. Razor, 04-2002, p. 4, 926 So.2d at 4.
Based on the above criteria, the question on review is not whether the Commission’s decision was right or wrong, but whether its conclusion was reasonable. Stobart v. State through Dep’t of Transp. and Dev., 617 So.2d 880, 882. Moreover, “where two permissible views of the evidence exist, the [Commission’s] choice between them cannot be manifestly erroneous or clearly wrong.” Id. at 883.
Our review of the record reveals that the hearing officer and the Commission found that a reasonable basis existed to question Boudreaux’s truthfulness and find that her lack of candor sufficiently impaired her ability to perform her duties as an investigator in the Inspector General’s office. Though Boudreaux urges a different, and conceivably plausible reason for her actions, such is not sufficient to warrant overturning the rulings of the hearing officer and Commission.
Boudreaux also argues, that assuming arguendo, that the conduct for which she was terminated did occur, the punishment of termination was excessive. In *698 spector General Quatrevaux testified that his employees must possess Rimpeceable standards of honesty and unimpeachable confidentiality because of the nature of their work. These employees, particularly investigators, have access to extremely sensitive documents and information including attorney/client communications in other city offices. He explained that it was impossible to continue to employ a person who had proven herself dishonest.
Considering the foregoing, we do not find that the Commission’s decision was arbitrary, capricious or an abuse of discretion. Accordingly, we affirm the decision of the Civil Service Commission.
AFFIRMED.