JOANOS, Judge.
The State of Florida has appealed an order of the trial court granting appellee Costa’s motion to dismiss an information for lack of subject matter jurisdiction. We have jurisdiction pursuant to Rule 9.140(c)(1)(A), Florida Rules of Appellate Procedure, and reverse.
Costa and his wife were divorced by final judgment entered in Escambia County, Florida in October 1986, with the wife receiving primary physical custody of the two minor children. When the wife, who serves in the military, received a temporary out-of-state assignment, Costa petitioned the Escambia County court to change the children’s physical residence to his home in New Orleans, Louisiana, for the duration of the wife’s absence. Costa’s motion was granted by order of January 29, 1987, paragraph two of which restrained him from removing the children from his home in New Orleans, and admonished him to present them before the Florida court for any necessary hearings.
Costa thereupon took the children from Florida to New Orleans. Soon thereafter, contrary to the January 1987 order, he removed the children from New Orleans to his native country of Italy, where they remained until the wife went to Italy and recovered them. Costa was subsequently charged by information with two counts of violating Section 787.04(1), Florida Statutes (1987), making it a third-degree felony to lead, take, entice or remove a child beyond the limits of the State of Florida, or conceal the location of a child, in violation of a court order of which there is personal knowledge. Costa was extradited from Italy to stand trial on these charges.
Costa subsequently moved to dismiss the information on several grounds, alleging in pertinent part that, because the alleged crimes occurred outside the territorial boundaries of the State of Florida, and no part of the crime occurred within Florida, the court lacked subject matter jurisdiction. At the hearing on the motion, Costa argued that he removed the children from Florida under the authority of the January 1987 court order, that they were not taken to Italy from Florida, and that they were never concealed in Florida. Therefore, because no part of the alleged crimes were committed wholly or partly within Florida, the court had no jurisdiction over those crimes. The trial court agreed, and dismissed the information.
Section 910.005(3), Florida Statutes (1987), provides that “[a]n offense that is based on an omission to perform a duty imposed by the law of this state is committed within the state, regardless of the location of the offender at the time of the omission” (emphasis supplied). We find that the January 1987 order, entered by a Florida court of competent jurisdiction, imposed upon Costa the duty to maintain the residence and presence of the minor children in New Orleans, Louisiana. He omitted to perform that duty when he removed the children to Italy. We therefore find that the maintenance of this criminal action against Costa in the Florida courts was proper, reverse the order of dismissal herein appealed, and direct that the subject information be reinstated.
Reversed and remanded for further proceedings.
• SMITH and WENTWORTH, JJ., concur.