Argued and submitted January 13, reversed and remanded for new trial
September 9, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## MELVIN VICTOR McGILL,
*Appellant.*

## (91-CR-0014-33; CA A70645)
836 P2d 1371

James W. Laws, Madras, argued the cause for appellant. With him on the brief was Shepard & Laws, Madras.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for criminal possession of rented property. ORS 164.140(1)(a).[1] In his fourth assignment of error, he contends that, because there is no written waiver of jury trial, under Article I, section 11, of the Oregon Constitution he is entitled to a new trial. The state concedes the error, and we accept that concession.

Defendant is a tribal Indian who lives on the Warm Springs Indian Reservation. He signed a written "rent to own" agreement for the lease of a television set from a Madras television rental store. The agreement provided 21 monthly payments with an option to purchase the set. The agreement also provided that failure to pay any monthly payment would result in immediate termination of the agreement and return of the television set. After defendant defaulted, the rental shop sent a demand letter to his residence on the Indian reservation. ORS 164.140(1)(a). He did not respond and was indicted for the offense.

██ Defendant's first assignment is that the trial court lacked jurisdiction over the offense or him, because the alleged criminal act took place on the reservation. The state does not have jurisdiction over crimes committed by Indians on the Warm Springs Reservation. 18 USC § 1162(a); *State v. Smith*, 277 Or 251, 560 P2d 1066 (1977). However, the state does have jurisdiction over crimes committed by Indians off the reservation. The issue is where the crime was committed.

Defendant argues that *State v. Smith, supra*, is dispositive. The defendant, a Warm Springs Indian, was a prisoner in the Jefferson County Jail. He escaped from jail personnel when he was taken to the Warm Springs Indian Reservation for medical treatment. He was convicted of

---

[1] ORS 164.140 provides, in part:

"(1) A person is guilty of criminal possession of rented or leased personal property if:

"(a) After renting an item of personal property from a commercial renter of personal property under a written agreement which provides for the return of the item to a particular place at a particular time, the person fails to return the item as specified, is thereafter served by mail with a written demand to return the item, and knowingly fails to return the item within 10 business days from the date of mailing of the demand * * *."

escape in Jefferson County. The court reversed the conviction, because the only evidence "is that defendant 'escaped' from custody on the Warm Springs Indian Reservation." 277 Or at 258. Jefferson County had no jurisdiction, because the situs of the crime was the reservation and the defendant was a member of the Warm Springs Indian Tribe.

Defendant argues that the situs of his crime was the reservation, because that is where he possessed the television set after he stopped making payments and had received the demand letter. However, the gravamen of the offense is not possession, but failure to return the set to the rental shop in Madras. ORS 164.140(1)(b). His crime is one of omission, and jurisdiction resides in the place where the legal duty omitted is required to be performed. ORS 131.215(5). The circuit court had jurisdiction.

■ Defendant next argues that the television shop owner is not a "commercial renter" under ORS 164.140 (1)(a). He contends that the primary business of the shop is to sell television sets and the rent to own agreements are in reality a method of financing and are not true rentals. The owner of the shop testified that she rents television sets on other than a rent to own basis and that, in any event, the agreement is a rental until the renter exercises the option to purchase. There was sufficient evidence that the shop owner was a commercial renter under ORS 164.140.

■ Defendant also contends that there was no written rental agreement for the television set, as required by ORS 164.140. He signed an agreement for a Fisher brand set. He returned that a few months later, because it was defective, and the owner provided another set to replace it. He signed a repair order that provided that he agreed to transfer the rental agreement to the replacement set. That was sufficient evidence for the court to find that defendant consented to a modification of the original rental agreement.

■ Defendant's final assignment is that the demand letter gave him only nine business days to return the set, rather than the 10 days required by ORS 164.140(1)(a). It is not a requirement of the statute that the letter specify that a renter have 10 business days to return the property. The

crime consists of failing "to return the item within 10 business days from the date of the demand." ORS 164.140(1)(a). The shorter demand time stated in the letter is not material.

Reversed and remanded for new trial.