921 So.2d 777 (2006)
Joshua SADDLER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-2602.
District Court of Appeal of Florida, First District.
February 23, 2006.
Nancy A. Daniels, Public Defender; and John R. Alfino, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Joshua Saddler (Appellant), who worked as an assistant manager at Wal-Mart in *778 Gainesville, was charged with grand theft of more than $300.00 and less than $20,000.00 at Wal-Mart between April 16 and April 20, 2003 (Count One); on May 2, 2003 (Count Two); and on April 24, 2003 (Count Three), in violation of section 812.014(2)(c)1., Florida Statutes (2003) (defining "theft" as knowingly obtaining or using, or endeavoring to obtain or use, another's property with intent, temporarily or permanently, either to deprive another of that property or a benefit therefrom, or to appropriate the property to his or her own use or to the use of any other person not entitled to its use); and with one count of engaging in a scheme to defraud and organized fraud upon Wal-Mart by issuing fraudulent returns or refunds and obtaining property thereby between February 13 and May 17, 2003, in violation of section 817.034(4), Florida Statutes (2003) (defining organized fraud or "scheme to defraud" as "a systematic, ongoing course of conduct with intent to defraud one or more persons, or with intent to obtain property from one or more persons by false or fraudulent pretenses, representations, or promises or willful misrepresentations of a future act") (Count Four). A jury found Appellant guilty in all four counts, as charged. The charged crimes of which Appellant was convicted are all third-degree felonies. See §§ 812.014(2)(c) & 817.034(4)(a)3., Fla. Stat. (2003).
Appellant contends that the trial court erred as a matter of law by denying his motion for judgment of acquittal (JOA) as to Count Four, on the ground that double jeopardy protections preclude Appellant from being convicted of both grand theft and scheme to defraud/organized fraud because Count Four includes all the events from February 13 through May 17, 2003, which are incorporated in the charges constituting Counts One through Three. In other words, Appellant asserts that the acts constituting Count Four arose out of the very same conduct as the acts constituting the first three counts and do not constitute a separate, distinct criminal episode. See Blockburger v. U.S., 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ("[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."); State v. Florida, 894 So.2d 941, 945 (Fla.2005). The Florida Legislature has codified the Blockburger test in section 775.021(4), Florida Statutes (2003). We have de novo review of issues of law. See Florida, 894 So.2d at 945.
Concluding 1) that Appellant's convictions for the three grand theft counts and for the one scheme to defraud/organized fraud count "are based on common allegations," and 2) that "[a]ll the elements of the crime of theft are included within the offense of organized fraud," effectively making the two crimes, for purposes of double jeopardy, the "same offense," Cherry v. State, 592 So.2d 292, 293 (Fla. 2d DCA 1991), we REVERSE the conviction and sentence as to Count Four and REMAND for the trial court to grant a JOA on Count Four. See Pizzo v. State, 916 So.2d 828 (Fla. 2d DCA 2005) (finding double jeopardy violation where grand theft and organized fraud counts were based on common allegations, and reversing and remanding for trial court to grant JOA on lesser of offenses); Louberti v. State, 895 So.2d 479, 481 (Fla. 4th DCA 2005) (reversing conviction of organized scheme to defraud, even though defendant was acquitted of grand theft counts, where grand theft charges were based on same thefts that were elements of organized scheme to defraud); Sewall v. State, 783 So.2d 1171 (Fla. 5th DCA 2001); Watson *779 v. State, 655 So.2d 1250 (Fla. 1st DCA 1995) (reversing conviction for grand theft, which did not involve separate and distinct criminal episode from offense of filing false insurance claim or offense of burning with intent to defraud); Donovan v. State, 572 So.2d 522, 525-26 (Fla. 5th DCA 1990) (holding that defendant could not be convicted of both organized fraud and theft for same act without double jeopardy violation, for elements of theft are all included in elements of organized fraud). The convictions and sentences on the remaining three counts are AFFIRMED.
BARFIELD and WOLF, JJ., concur.