955 So.2d 1222 (2007)
Reginald SIBLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-2075.
District Court of Appeal of Florida, Fifth District.
May 11, 2007.
*1223 James S. Purdy, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, C.J.
Sibley was charged with seven counts, as follows: Count 1: organized fraud; Count 2: fraudulent use of personal identification information; Count 3: grand theft; and Counts 4-7: uttering a forged instrument. After pleading no contest to all seven counts pursuant to a negotiated plea agreement, Sibley appealed his convictions and sentences on double jeopardy grounds. He argues that Counts 2-7 are subsumed in Count 1. We affirm Sibley's convictions and sentences on all counts except Count 3 for grand theft. Convictions arising out of the same criminal episode for organized fraud and grand theft violate double jeopardy. However, convictions for organized fraud, fraudulent use of personal identification information and uttering forged instruments do not violate double jeopardy. We therefore reverse Sibley's conviction and sentence on Count 3 and remand with directions to vacate the conviction and sentence on Count 3.

Facts
Pursuant to a written plea agreement, Sibley agreed to plead to all seven counts in exchange for a total sentence of 24 months probation with a possibility for early termination after 12 months. The plea agreement further contained the following standard language: "I understand that if I enter a plea without reserving the right to appeal, I will give up my right to appeal all matters relating to the judgment, including the issue of guilt or innocence, except for the limited review available by collateral attack."
At the plea hearing, however, Sibley's attorney explained that his client would readily admit to committing all of the offenses, but was pleading no contest because "[t]he issue with the no contest plea is I believe is [sic] the double jeopardy bars the position  number of count one and the remainder visa-versa [sic]."
During the plea colloquy, the following discussion ensued:
[DEFENSE ATTORNEY]: There is a factual basis for all of the charges. Mr. Sibley did all of these things and he will tell you that if you asked him.

*1224 He will tell you he did all of these things.
Yes, we believe there is a factual basis.
The only legal issue in regard to count one and the remaining counts, I think the various things in counts 2 through 7 are the basis for the charge in count one.
I think that's barred right up to that. But nonetheless, there is a factual basis for each count independently.
THE COURT: All right. Is Mr. Sibling [sic] waiving any right to attack the information or is there anything he is waiving by entering this plea today?
[DEFENSE ATTORNEY]: No, Your Honor, that is the purpose of the no contest plea.
THE COURT: Is he reserving the right to attack the information?
[DEFENSE ATTORNEY]: That is not necessarily to attack the information.
Double jeopardy is something that can be raised at any time.
He is pleading no contest specifically for that reason.
Since he flew in from California and wants to resolve the case.
THE COURT: I'm trying to find out is there anything we are going to have to deal with down the road because I don't want to take the plea if I have to deal with it tomorrow.
[PROSECUTOR]: I don't anticipate so.
[Defense attorney] seems to feel there is double jeopardy sentencing issues involved in each count.
I disagree. If [defense attorney] shows me some case law that supports that we will stipulate to amending the sentencing order.
BY THE COURT:
Q. Mr. Sibley, do you understand there may be an argument in terms of double jeopardy.
By entering this plea today, I will allow you to raise it at another time but at this point you are entering a plea that could subject you to 
The trial court accepted Sibley's plea and sentenced him pursuant to the plea agreement.

Arguments
Sibley argues that his convictions and sentences on Counts 2 through 7 should be reversed because they involve the same criminal episodes referenced in Count I, and thus are barred on double jeopardy grounds. The State raises three arguments in response. First, the State claims that Sibley's appeal should be dismissed for lack of jurisdiction because Sibley waived any double jeopardy argument when he entered into a negotiated plea agreement with the State. Second, the State argues that Sibley failed to preserve his double jeopardy argument by failing to sufficiently raise the issue or obtain a ruling from the court below. Third, on the merits, the State claims that at most, only Count 3 should be vacated on double jeopardy grounds.

Sibley's Alleged Waiver of Double Jeopardy
The State cites several cases espousing the general rule that a defendant waives any double jeopardy claims when he enters into a negotiated plea agreement with the State. See, e.g., Novaton v. State, 634 So.2d 607 (Fla.1994); Denyer v. State, 845 So.2d 295 (Fla. 5th DCA 2003); Lewis v. State, 827 So.2d 1052 (Fla. 5th DCA 2002). However, an exception to the general rule occurs when
(a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent *1225 from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation.
Novaton, 634 So.2d at 609.
This case does not fall neatly into either the general rule or the exception. Sibley entered into a written plea agreement which clearly benefited him and which purported to waive any right to appeal. However, at a subsequent plea hearing, Sibley's attorney made repeated statements indicating that Sibley did not intend to waive his right to challenge the convictions on double jeopardy grounds. Sibley's counsel explained that the reason Sibley was pleading no contest instead of guilty was because a double jeopardy issue existed. When asked specifically by the court if Sibley was waiving any right to attack the information or waiving anything by entering a plea, Sibley's counsel responded, "No, Your Honor, that is the purpose of the no contest plea." Then, Sibley's counsel added, "Double jeopardy is something that can be raised at any time. He is pleading no contest specifically for that reason."
Although the prosecutor disagreed that a double jeopardy violation existed, she did not affirmatively object to Sibley pleading under those circumstances. Then the court stated, "Mr. Sibley, do you understand there may be an argument in terms of double jeopardy. By entering this plea today, I will allow you to raise it at another time. . . ."
The above statements made during the plea hearing do not demonstrate that Sibley waived his double jeopardy argument. To the contrary, they demonstrate that he intended to attack his convictions on double jeopardy grounds, that the State tacitly acquiesced to that intention, and that the court expressly allowed Sibley to raise the double jeopardy argument "at another time." Under these circumstances, the State has failed to demonstrate that Sibley waived his double jeopardy arguments.

Sibley's Alleged Failure to Preserve his Double Jeopardy Claim
The State argues, pursuant to section 924.051(4), Florida Statutes, that this Court lacks jurisdiction because Sibley failed to expressly reserve his right to appeal a legally dispositive issue during his no contest plea. Both section 924.051(4) and Florida Rule of Appellate Procedure 9.140(b)(2)(A)(i) provide a means to appeal from a no contest plea if the defendant expressly reserves the right to appeal a prior dispositive order of the lower tribunal. The State correctly observes that Sibley has not met this requirement because there was no order of the lower tribunal. Sibley never obtained a ruling on his double jeopardy argument below.
However, we have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(e), which states that a defendant may not appeal from a guilty or a nolo contendere plea except "as otherwise provided by law." We have construed that provision to include double jeopardy challenges after a no contest plea because a double jeopardy violation constitutes fundamental error which may be raised for the first time on appeal. See Barfield v. State, 871 So.2d 929, 930-31 (Fla. 5th DCA 2004). Thus, even though Sibley did not technically reserve his right to appeal this issue, it is fundamental and can be raised for the first time on appeal.

Double Jeopardy Analysis
Sibley argues that Counts 2 through 7, for identify theft, grand theft and uttering a forged instrument, are all subsumed under Count I, organized fraud, for the purposes of double jeopardy. In support of this argument, Sibley cites to Saddler v. State, 921 So.2d 777 (Fla. 1st DCA 2006). *1226 However, Saddler held only that convictions for organized fraud and grand theft violate double jeopardy. It did not address the additional crimes of identity theft or uttering a forged instrument, which are present in this case. The State concedes that Sibley's conviction in Count 3 for grand theft violates double jeopardy.
Regarding Counts 4 through 7 for uttering forged instruments, we have previously held that convictions for uttering and for organized fraud which are based on the same criminal episode do not violate double jeopardy. See Donovan v. State, 572 So.2d 522, 526 (Fla. 5th DCA 1990).
Regarding Count 2 for fraudulent use of personal identification information, no court has previously addressed the issue of whether convictions for this crime and the crime of organized fraud violate double jeopardy. The analysis below demonstrates that convictions for these two crimes do not violate double jeopardy because each crime contains different elements.
Section 775.021(4), Florida Statutes (2003), provides that defendants shall be convicted and sentenced for separate criminal offenses committed in the course of one criminal episode or transaction, except for: (1) offenses which require identical elements of proof; (2) offenses which are degrees of the same offense as provided by statute; and (3) offenses which are lesser included offenses, the statutory elements of which are subsumed by the greater offense. The elements of organized fraud are:
(1) Engaging in or furthering a systematic, ongoing course of conduct (2) with (a) intent to defraud, or (b) intent to obtain property by false or fraudulent pretenses, representations, or promises, or willful misrepresentations of a future act, (3) resulting in temporarily or permanently depriving any person of the right to property or a benefit therefrom, or appropriating the property to one's own use or to the use of another person not entitled thereto.
Donovan, 572 So.2d at 526 (citing § 817.034(4)(a), Fla. Stat.). Fraudulent use of personal identification information is addressed in section 817.568(2)(a), Florida Statutes, which states:
(2)(a) Any person who willfully and without authorization fraudulently uses, or possesses with intent to fraudulently use, personal identification information concerning an individual without first obtaining that individual's consent, commits the offense of fraudulent use of personal identification information, which is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Therefore, the elements of fraudulent use of personal identification information are: (1) willfully and fraudulently using or possessing with intent to fraudulently use; (2) another person's personal identification information; and (3) without that person's authorization or prior consent. § 817.568(2)(a), Fla. Stat.
In comparing the elements of these two crimes, it is apparent that each contains elements the other does not and that they do not meet any of the statutory exceptions in section 775.021(4). For example, organized fraud requires proof of an ongoing course of conduct and deprivation of property. Fraudulent use of personal identification information does not require proof of these elements, but does require proof of using or possessing someone's personal identification information. Organized fraud does not. Accordingly, convictions and sentences for both arising out of the same criminal episode do not violate double jeopardy. We affirm the convictions and sentences on all counts except *1227 Count 3 for grand theft. As to that count, we reverse and remand to vacate the conviction and sentence on Count 3.
AFFIRMED IN PART; REVERSED IN PART, REMANDED.
GRIFFIN and LAWSON, JJ., concur.