KELLY, Judge.
David B. Williams appeals the summary denial of his motion for postconviction re *905 lief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without comment the denial of grounds one, three, four, and five, but we reverse and remand on ground two.
In ground two, Williams claims that counsel was ineffective for failing to investigate and present a defense to the charge of criminal use of identification information. He alleges that he advised counsel that he was in lawful possession of the victim’s identification and that the victim was aware that he intended to secure a driver’s license with the information. He contends that he provided counsel with the victim’s name and telephone number. He asserts that had counsel contacted the victim directly to verify the facts, he would not have pleaded guilty but would have gone to trial and would have been acquitted.
The' postconviction court denied Williams’ claim as facially insufficient for failure to allege prejudice. However, Williams sufficiently alleges prejudice, and his allegation, if true, would have negated one of the elements of the charge of criminal use of personal identification information. See § 817.568(2)(a), Fla. Stat. (2003). To convict a defendant of criminal use of personal identification information, the State must prove beyond a reasonable doubt that the defendant: “(1) willfully and fraudulently [used or possessed] with intent to fraudulently use; (2) another person’s personal identification information; and (3) without that person’s authorization or prior consent.” Townshend v. State, 965 So.2d 236, 237 (Fla. 5th DCA 2007) (quoting Sibley v. State, 955 So.2d 1222, 1226 (Fla. 5th DCA 2007)); see also § 817.568(2)(a). Consent from the victim to use his personal information is a -valid defense to criminal use of personal identification information, and if this were the case, the State would be unable to prove every element of the crime beyond a reasonable doubt at trial. See Townshend, 965 So.2d at 237 (“[T]he State failed to prove that the alleged victim had not authorized Mr. Townshend to’ use his personal information. Accordingly, this conviction must be vacated.”). Thus, the claim is facially sufficient. See Grosvenor v. State, 874 So.2d 1176, 1181 (Fla.2004) (“The merits of any defense ... is [sic] relevant to the credibility of the defendant’s assertion that he would have insisted on going to trial.”); Munroe v. State, 28 So.3d 973, 976 (Fla. 2d DCA 2010) (“Munroe’s claim of prejudice — that he would have proceeded to trial — is credible if he can demonstrate that the defense was viable.”).
Because Williams’ allegation is not refuted by the record, we reverse and remand ás to ground two. On remand, the post-conviction court shall either attach record documents conclusively refuting the allegation or hold an evidentiary hearing. In all other respects, the postconviction order is affirmed.
Affirmed in part, reversed in part, and remanded.
DAVIS and VILLANTI, JJ., Concur.