LaROSE, Judge.
The State appeals the trial court’s order dismissing the information alleging fraudulent use of personal identification against Lisa Roberts. See § 817.568(2)(a), Fla. Stat. (2010). We have jurisdiction. See Fla. R. App. P. 9.140(c)(1)(A). Because the trial court erred in ruling that it lacked jurisdiction, we reverse.
The State alleged that Ms. Roberts, an Indiana resident, used her aunt’s name and social security number to establish an Indiana utility account. The aunt lives in Florida. The trial court dismissed the case for lack of jurisdiction; it concluded that no part of the offense occurred in Florida. See § 910.005(l)(a), Fla. Stat. (2010) (authorizing Florida prosecution for offenses committed wholly or partly within Florida). However, because Ms. Roberts’ failure to obtain her aunt’s prior consent was both an omission of a duty imposed by Florida law and an element of the underlying offense, the offense was committed, at least in part, in Florida.

Jurisdiction Statute

Section 910.005, governing State criminal jurisdiction, provides as follows:
*937 (1) A person is subject to prosecution in this state for an offense that she or he commits, while either within or outside the state, by her or his own conduct or that of another for which the person is legally accountable, if:
(a) The offense is committed wholly or partly within the state:
[[Image here]]
(2) An offense is committed partly within this state if either the conduct that is an element of the offense or the result that is an element, occurs within the state....
(3) An offense that is based on an omission to perform a duty imposed by the law of this state is committed within the state, regardless of the location of the offender at the time of the omission.
(Emphasis added.) Thus, Florida may exercise jurisdiction over Ms. Roberts if an element of the offense is an omission to perform a duty imposed by Florida law.

Elements of Criminal Use of Personal Identification

Section 817.568 provides, in pertinent part, as follows:
(2)(a) Any person who willfully and without authorization fraudulently uses, or possesses with intent to fraudulently use, personal identification information concerning an individual without first obtaining that individual’s consent, commits the offense of fraudulent use of personal identification information ....
(Emphasis added.) Accordingly, fraudulent use of personal identification information includes the following elements:
(1) willfully and fraudulently using or possessing with intent to fraudulently use;
(2) another person’s personal identification information; ...
(3) without that person’s authorization or prior consent.
Sibley v. State, 955 So.2d 1222, 1226 (Fla. 5th DCA 2007) (emphasis added) (citing § 817.568(2)(a), Fla. Stat (2003)); accord Williams v. State, 57 So.3d 904, 905 (Fla. 2d DCA 2011) (holding that defense that victim consented to defendant’s use of personal identification information, if proven, would render State unable to establish every element of the crime); Townshend v. State, 965 So.2d 236, 237 (Fla. 5th DCA 2007) (vacating conviction for criminal use of personal identification information where State failed to prove that victim “had not authorized Mr. Townshend to use his personal information”).

Omission of a Duty Imposed by Florida Law

Ms. Roberts’ failure to obtain her aunt’s prior consent — or the result that she fraudulently used the information without such consent — is an element of the offense. See § 817.568(2)(a); Williams, 57 So.3d at 905. Ms. Roberts is subject to prosecution in Florida if that element occurred in Florida. See § 910.005(l)(a). The inquiry calls upon us to determine whether the failure to obtain her aunt’s consent (or its result) constitutes an omission to perform a duty imposed by Florida law. See § 910.005(2), (3). We conclude that it does.

Case Law

No Florida case is directly on point. However, analogous cases from Florida and other jurisdictions support our conclusion. For example, in State v. Costa, 558 So.2d 525 (Fla. 1st DCA 1990), the First District held that Florida had criminal jurisdiction for charges involving the appellee’s moving of his children from his Louisiana home to Italy, in violation of a Florida restraining order. The offense was based on an omission to perform the duty imposed by the Florida court order and section 787.04(1), Florida Statutes (1987) *938 (felony to remove a child in violation of court order).
Similarly, in People v. Caruso, 119 Ill.2d 376, 116 Ill.Dec. 548, 519 N.E.2d 440 (1987), the court held that the father’s acts of harboring his children in Ohio and failing to return them to the mother in violation of an Illinois custody order subjected him to prosecution in Illinois. The Illinois jurisdiction statute, almost identical to the Florida statute here, provided that “[a]n offense which is based on an omission to perform a duty imposed by the law of this State is committed within the State, regardless of the location of the offender at the time of the omission.” Id., 116 Ill.Dec. 548, 519 N.E.2d at 442. The Caruso court found this language consistent with the Supreme Court’s holding in Strassheim v. Daily, 221 U.S. 280, 285, 31 S.Ct. 558, 55 L.Ed. 735 (1911), that “ ‘[a]cts done outside a jurisdiction, but intended to produce and producing detrimental effects within it, justify a State in punishing the cause of the harm as if he had been present at the effect.’” Caruso, 116 Ill.Dec. 548, 519 N.E.2d at 442. Obviously, “the detrimental effects of defendant’s omission or failure to comply with the court order [wejre felt only in Illinois.” Id., 116 Ill.Dec. 548, 519 N.E.2d at 445. Caruso is also instructive in observing that the phrase “omission to perform a duty” indicates that the duty is an affirmative one, that is, a duty to act positively, rather than a passive duty of refraining to act. Id., 116 Ill.Dec. 548, 519 N.E.2d at 443.
Ms. Roberts’ duty to her aunt is best characterized as an affirmative obligation to obtain her prior permission in order to use her personal information to open a utility account, rather than a passive duty to refrain from failing to obtain prior permission. The Caruso court identified factors to consider in determining jurisdiction under the omission-to-perform-a-duty provision: (1) whether there is an alleged omission to perform a duty; (2) whether the charged offense is based on that omission, that is, “forms the foundation or essence of an offense,” even though the omission is not the offense’s only element; and (3) whether the interests to be protected by prohibiting the offense are substantially the same as the interests to be fulfilled by imposing the affirmative duty. Id., 116 Ill.Dec. 548, 519 N.E.2d at 443. All three factors weigh in favor of the State.
In State v. James, 276 Kan. 737, 79 P.3d 169 (2003), the appellee was the caretaker of dependent adults living in Kansas. The trial court convicted him of mistreating two of his Kansas charges by leaving them alone in a closed vehicle on a hot day across the border in Missouri. A Kansas statute prohibited omission of services necessary to maintain the health of a dependent adult. Id. at 175. The appellee argued that Kansas lacked jurisdiction because the offenses occurred in Missouri. Id. at 174. The Kansas jurisdictional statute included a provision nearly identical to section 910.005(3): “A crime which is based on an omission to perform a duty imposed by the law of this state, is committed within the state, regardless of the location of the person omitting to perform such duty at the time of the omission.” James, 79 P.3d at 174 (citing § 21-3104(3), Kan. Stat. Ann. (2000)). The court held that Kansas had jurisdiction because the crimes were based on an omission to perform a duty imposed by Kansas law — a “negative act done outside the State” — and the appellee’s location at the time of his omission was irrelevant. Id. at 175-76.
In State v. McGill, 115 Or.App. 122, 836 P.2d 1371 (1992), a tribal Indian was convicted of criminal possession of rented property. See Or. Rev. Stat. § 164.140(l)(a). He rented a television in Oregon, then failed to make payments and *939 failed to return the television upon demand from the rental company. Section 164.140(l)(a) provided, in pertinent part, as follows:
(1) A person is guilty of criminal possession of rented or leased personal property if:
(a) After renting an item of personal property from a commercial renter of personal property under a written agreement which provides for the return of the item to a particular place at a particular time, the person falls to return the item as specified, is thereafter served by mail with a written demand to return the item, and knowingly fails to return the item within 10 business days from the date of mailing of the demand.
Id. at 1372 n. 1. On appeal, McGill argued that the state lacked jurisdiction because he was on the reservation, sovereign territory, when he stopped making payments. Id. at 1372.
The Oregon jurisdiction statute provided that jurisdiction for a crime of omission “reside[d] in the place where the legal duty omitted is required to be performed.” Id. at 1373 (citing Or.Rev.Stat. § 131.215(5)). The court held that the gravamen of the offense was failure to return the television to the shop in Oregon; because it was a crime of omission, jurisdiction resided in Oregon, where the legal duty omitted (returning the television) was required to be performed. Id. The legal duty to return the television — or, using the statutory language, to not fail (omit) to return it — was an element of criminal possession of rental property. As applicable here, McGill teaches that Ms. Roberts had a legal duty under Florida law to obtain her aunt’s prior consent to use her personal identification information — or, using the statutory language, not to use it without her aunt’s authorization or prior consent. The gravamen of the offense was failure to obtain her aunt’s prior consent, and because it was a crime of omission, jurisdiction resided in Florida.
We reverse and remand for further proceedings.
DAVIS, C.J., and KHOUZAM, J., Concur.