J-A12012-25

2025 PA Super 183

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
    :            PENNSYLVANIA
    :
    v.    :
    :
    :
    :
JEFFREY WASHINGTON    :
    :
    Appellant    :   No. 3046 EDA 2024

Appeal from the Judgment of Sentence Entered October 16, 2024
In the Court of Common Pleas of Montgomery County
Criminal Division at No:  CP-46-CR-0002913-2024

BEFORE:  STABILE, J., DUBOW, J., and SULLIVAN, J.

OPINION BY STABILE, J.:             **FILED AUGUST 26, 2025**

Appellant, Jeffrey Washington, seeks review of the judgment of sentence entered by the Court of Common Pleas of Montgomery County (trial court).  In 2024, Appellant pleaded guilty to one count of access device fraud (18 Pa.C.S.A. § 4106(a)(1)(ii)), and he was sentenced to a prison term of nine to 23 months.  On appeal, Appellant argues that the trial court lacked subject matter jurisdiction and venue in this case because the offense was committed outside of Pennsylvania.  Finding no merit in that claim, we affirm.

On October 25, 2023, while physically present in the state of New York, Appellant used an altered check and a fake identification card belonging to the victim, James Tammaro.  A counterfeit check belonging to the victim was cashed in the amount of $3,500.00, and in a separate transaction, the victim's identification was used by Appellant to withdraw $5,000.00 from the victim's bank account.

At the time, the victim was a resident of Lower Salford Township in Montgomery County, Pennsylvania. The institution which held those funds, Key Bank, had branch locations in Pennsylvania, including one in Montgomery County.

Following Appellant's two transactions in New York, a bank manager at a Key Bank branch in that state contacted the victim. The victim confirmed with the bank manager that he was not the individual who had obtained the subject funds. Further, video surveillance recordings from a Key Bank branch in New York showed that the person who had cashed the fraudulent check and withdrawn funds from the victim's account was Appellant. Police arrested Appellant and transported him to Pennsylvania, where he pleaded guilty to access device fraud and was sentenced as outlined above.

Appellant timely appealed, and in his brief, he raises a single issue: "Whether the Trial Court had subject matter jurisdiction (and Venue) to take the Appellant's plea of guilty where the crimes occurred in New York but the victim was located in Pennsylvania." Appellant's Brief, at 3.[1]

When appealing from a judgment of sentence entered pursuant to a guilty plea, a defendant may challenge the jurisdiction of a court. **Commonwealth v. Czapla**, 430 A.2d 313 (Pa. Super. 1981). The court's subject matter jurisdiction is an issue that is "not susceptible to waiver," and

---

[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925. **See** Trial Court 1925(a) Opinion, 12/4/24, at 2-8 (giving reasons why the judgment of sentence should be upheld).

it may be raised for the first time at any stage of the proceedings. ***See Commonwealth v. Jones***, 929 A.2d 205, 208 (Pa. 2007). Whether a court has subject matter jurisdiction is an issue that poses a pure question of law, subject to a *de novo* standard of review. ***See id***., at 211.

"Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented." ***Commonwealth v. Bethea***, 828 A.2d 1066, 1074 (Pa. 2003). "[A] court's competency hinges upon a demonstration that a criminal act occurred within the territorial jurisdiction of the court." ***Jones***, 929 A.2d at 208. "Jurisdiction is a matter of substantive law." ***Bethea***, 828 A.2d at 1074 (citing ***McGinley v. Scott***, 164 A.2d 424, 428 (Pa. 1960)); 42 Pa.C.S.A. § 931(a) (defining the unlimited original jurisdiction of the courts of common pleas).

Matters arising from a violation of Pennsylvania's Crimes Code "are entrusted to the original jurisdiction of the courts of common pleas for resolution." ***Id***. (citing 18 Pa.C.S. § 102). "Every jurist within that tier of the unified judicial system is competent to hear and decide a matter arising out of the Crimes Code." ***Id***. (citing Pa. Const. Art. 5, § 5.).

In addition to subject matter jurisdiction, a court's authority to hear a case depends on whether venue is proper in the court's judicial district. ***Id***., at 1074. "Venue in a criminal action properly belongs in the place where the crime occurred." ***Id***. "This practice recognizes the necessity of bringing a party to answer for his actions in the place where the crime itself occurred

because that is where the evidence and the witnesses will most likely be located." *Id*.

"Subject matter jurisdiction and venue are distinct. However, since jurisdiction references the power of a court to entertain and adjudicate a matter while venue pertains to the locality most convenient to the proper disposition of a matter, venue can only be proper where jurisdiction already exists." *Id*., at 1074-75 (citing 92A C.J.S., Venue § 2).

The "general rule" governing whether an act falls within the territorial boundaries of a Pennsylvania court is as follows:

(a) **General rule** -Except as provided in this section, a person may be convicted under the law of this Commonwealth of an offense committed by his own conduct or the conduct of another for which he is legally accountable if either:

(1) the conduct which is an element of the offense or the result which is such an element occurs within this Commonwealth; or

(2) conduct occurring outside this Commonwealth is sufficient under the law of this Commonwealth to constitute an attempt to commit an offense within this Commonwealth.

18 Pa.C.S.A. § 102.

"Conduct" is defined for the purpose of this rule as "[a]n action or omission and its accompanying state of mind, or, here relevant, a series of acts and omissions." 18 Pa.C.S.A. § 103.

In a criminal case, courts should only exercise jurisdiction beyond the territorial limits of the judicial district in which each court sits when at least one essential element of an offense has occurred within that district:

> The law is clear that the locus of a crime is always in issue, for the court has no jurisdiction of the offense unless it occurred within the county of trial, or unless, by some statute, it need not[.] For a county to take jurisdiction over a criminal case, some overt act involved in that crime must have occurred within that county. In order to base jurisdiction on an overt act, the act must have been essential to the crime, an act which is merely incidental to the crime is not sufficient.

**Commonwealth v. Seiders**, 11 A.3d 495, 497 (Pa. Super. 2010) (citations and quotation marks omitted).

Moreover, the statutory venue provision governing subsection 4106(a)(1) mandates that offenses committed under that subsection "may be deemed to have been committed at either the place where the attempt to obtain property or services is made, or at the place where the property or services were received or provided, or at the place where the lawful charges for said property or services are billed." 18 Pa.C.S.A. § 4106(e).

Here, Appellant pleaded guilty to one count of access device fraud (18 Pa.C.S.A. § 4106(a)(1)(ii)). This offense is defined as using "an access device to obtain or in an attempt to obtain property or services with knowledge that . . . the access device was issued to another person who has not authorized its use[.]" 18 Pa.C.S.A. § 4106(a)(1)(ii). An "access device" is defined in section 4106 as

> [a]ny card, including, but not limited to, a credit card, debit card and automated teller machine card, plate, code, account number, personal identification number or other means of account access that can be used alone or in conjunction with another access device to obtain money, goods, services or anything else of value or that can be used to transfer funds.

18 Pa.C.S.A. § 4106(d).[2]

It is clear that the trial court had subject matter jurisdiction in this case because an essential element of access device fraud is the defendant's use or attempted use of an access device belonging to another person who has not authorized the defendant to do so.  The statute therefore criminalizes conduct in the form of an **omission** – the failure to obtain consent for the access device's use.  **See** 18 Pa.C.S.A. § 103 (recognizing that an omission may be "conduct" which satisfies an element of a criminal offense occurring within Pennsylvania).

Where a person who owns an access device resides in Pennsylvania at the time of its unauthorized use, the failure to obtain that individual's consent is an omission by the defendant occurring *within that state*.  **See id**.  This is true regardless of whether the defendant is physically present outside of Pennsylvania's territorial boundaries at the time.  Accordingly, the Pennsylvania Court of Common Pleas had subject matter jurisdiction because the victim resided in Pennsylvania when Appellant used his access devices without authorization.[3]

_____

[2] The victim's identification card and checkbook fit this statute's definition of an "access device."  **See** 18 Pa.C.S.A. § 4106(d).

[3] It does not appear that any Pennsylvania appellate decisions have addressed the precise jurisdictional issue now before us.  However, we are persuaded by and have employed the rationale of other state courts which have found there to be subject matter jurisdiction under analogous circumstances.  **See e.g.,**
*(Footnote Continued Next Page)*

Venue also was proper in the Court of Common Pleas of Montgomery County. Under subsection 4106(e) of the access device fraud statute, the offense may, for venue purposes, be deemed to have been committed "at the place where the property or services were received or provided, or at the place where the lawful charges for said property or services are billed[.]" 18 Pa.C.S.A. § 4106(e). The funds Appellant obtained as a result of the unauthorized transactions came from the victim's account with Key Bank. The record shows that Key Bank operated a branch location in Montgomery County, the same county where the victim resided. This made Montgomery County the place where the subject property or services were received or provided, or where the charges for said property or services were billed. Thus, Appellant's challenges to the trial court's subject matter jurisdiction and venue have no merit, and the judgment of sentence must be upheld.

Judgment of sentence affirmed.

_____

*Commonwealth v. Thompson*, 50 N.E. 3d 845, 857-58 (Mass. App. Ct. 2016) ("Where each cardholder victim resided in Massachusetts at the time that her credit card was fraudulently used, we consider the victim's nonconsent as a predicate act proving an offense element that took place in Massachusetts for purposes of establishing a jurisdictional basis for the defendant's convictions of credit card fraud and attempted credit card fraud.") (Internal quotations omitted); *State v. Roberts*, 143 So.3d 936, 938-39 (Fla. 2d DCA 2014) (holding that Florida court had jurisdiction over offense of fraudulent use of personal identification information because defendant failed to obtain victim's prior consent in Florida, where the victim resided, and doing so was a duty imposed by the law of that state).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/26/2025